### SHATTUCK *v.* SHATTUCK.

In an action upon a memorandum given for a sum to be accounted for on settlement, the defendant may offset balances due to him from the plaintiff at its date, though more than six years before the commencement of the action.

ASSUMPSIT on a memorandum in writing as follows:

"Brookline, May 23, 1836.　Due to Abel Shattuck seventeen dollars and fifty cents, to be accounted for on settlement with interest."　Signed　　　"B. SHATTUCK."

The writ was dated May 14, 1842.　The plaintiff proved that within three years after said memorandum was given, he requested the defendant " to settle up the due-bill."

The defendant pleaded the general issue, with notice of a set-off and a brief statement of the statute of limitations; and proposed to prove his set-off, consisting of claims which he said were due him from the plaintiff at the time of giving said memorandum.

All the items in said set-off were more than six years old at the date of the writ.

The plaintiff objected to going into evidence of the state of accounts between the parties when said memoran-

dum was given, insisting that the defendant's set-off was barred by the statute of limitations.

The court sustained the objection, and ordered a verdict for the plaintiff for the amount of said memorandum, on which judgment was to be rendered, or it was to be set aside and a new trial granted, as the opinion of this court should be upon the foregoing statements.

*G. Y. Sawyer*, for the plaintiff.

*Farley*, for the defendant.

Woods, J. The memorandum admits, in terms, that the sum of seventeen dollars and fifty cents is due to the plaintiff from the defendant. If that were all, it might be questioned whether the defendant could dispute that indebtedness, without showing the admission to have been founded in mistake, by simply exhibiting in offset an antecedent claim against the plaintiff.

But this general admission of indebtedness is qualified by the sequel of the memorandum, which points out the manner in which the sum is to be paid or accounted for. It is to be accounted for on settlement. This shows clearly that there were claims in favor of the defendant that had not been adjusted, that might, for any thing that appears in the memorandum, require the application of a part, or the whole even, of the sum which it names, to liquidate. The promise therefore which is implied by the terms of the memorandum, is merely a promise to pay so much of the sum of seventeen dollars and fifty cents, as should remain after deducting the balances due at its date from the plaintiff to the defendant, to be ascertained on settlement; also to pay the interest on such excess.

The plaintiff therefore can not reasonably complain if the defendant exhibits in offset or reduction of the claim of the plaintiff, evidence of the balances due at the date

of the memorandum, since he secures by this course all he was entitled to by its terms. The ruling of the court was wrong. The sum named in the memorandum should be applied as payment of the antecedent balance, and the statute of limitations is not applicable. The verdict must be set aside and a

*New trial granted.*